UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SERGEY PARKHOMENKO,<br><br>          Petitioner,<br><br>          v.<br><br>ICE Field Office Director, BRUCE SCOTT, Warden of the Northwest ICE Processing Center,<br><br>          Respondents. | No. 2:26-CV-01826-SAB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241, ECF No. 3. Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, and is representing himself. Respondents are represented by Peter Clark.

Petitioner asks the Court to release him from ICE custody.

Petitioner is a native of Moldova and citizen of Russia. On April 21, 2022, Petitioner applied for admission into the United States from Mexico, at or near San Ysidro, California without any valid entry documents. He was issued a Notice to Appear and was placed in removal proceedings.

On September 22, 2023, Petitioner was arrested in Portland, Oregon for the offense of assault in the 3rd degree. On November 26, 2025, Petitioner was

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 1**

convicted of Yamhill County, Oregon for failure to appear 2nd degree. He was arrested by ICE agents on January 4, 2026. On February 2, 2026, Petitioner appeared before an immigration judge at the NWIPC, withdrew all applications for relief, and was ordered removed to Russia, with Moldova in the alternative. Petitioner waived his right to appeal, and the order became administrative final on that day. On May 29, 2026, the Republic of Moldova issued a travel document allowing for Petitioner's removal to Moldova and ICE received the document on June 2, 2026. ICE believes Petitioner's removal is imminent.

Section 1231 of the Immigration and Nationality Act (INA) governs the detention, release and removal of noncitizens who have been ordered removed. Detention during the "removal period" is mandatory. 8 U.S.C. § 1231(a)(2). The removal period lasts 90 days and begins to run on the latest of the following: (1) the date the order of removal becomes final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the non-citizen, the date of the court's final order; or (3) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement. *Id*. § 1231(a)(1)(B). Although there is no statutory limit on the Secretary's discretion to detain noncitizens beyond the 90-day period, the Supreme Court held that the "presumptively reasonable" period for detention following a removal order is six months. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Here, Petitioner has been detained less than six months since his final removal order, so he is within the "presumptively reasonable" period for detention. Moreover, Respondents indicate Petitioner's removal is imminent. As such, Petitioner is not entitled to relief.

Accordingly, **IT IS ORDERED**:

1.    Petitioner's Petition for Writ of Habeas Corpus, Under 28 U.S.C. 2241, ECF No. 3, is **DENIED**.

2.    The Clerk of Court is directed to enter judgment in favor of

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 2**

Respondents and against Petitioner.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of July 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 3**